1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SEALED

FILED _____ LODGED
_____ RECEIVED _____ COPY

OCT 1 2 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

United States of America,

            Plaintiff,

      v.

Guiseppe Luciano Menegazzo Carrasquel,
(Counts 1 - 2)

Oscar Rafael Colmenarez Villalobos,
(Counts 1 - 2)

Roy Wayne Roby,
(Counts 1 - 2)

            Defendants.

## CR '10 1462 PHX GMS ECV

### INDICTMENT

VIO:  18 U.S.C. § 371
      (Conspiracy to violate Arms
      Export Control Act)
      Count 1

      22 U.S.C. §§ 2778(b)(2) and (c),
      22 C.F.R. §§ 121.1, 123.1 and
      127.1
      (Violation of the Arms Export
      Control Act)
      Count 2

      18 U.S.C. § 2
      (Aid and Abet)
      Count 2

      21 U.S.C. § 853(p),
      18 U.S.C. § 982(a)(1) and
      28 U.S.C. § 2461(c)
      (Forfeiture Allegation)

THE GRAND JURY CHARGES:

### COUNT 1

**(Conspiracy to violate AECA)**

**INTRODUCTION**

At all times material to this Indictment:

      1.      Floyd D. Stilwell, was the President and CEO of Marsh Aviation Company.

2.      Marsh Aviation Company, was an Arizona corporation located at 5060 E. Falcon Drive in Mesa, Arizona.

3.      Marsh Aviation Company, specialized in aircraft and aircraft engine overhaul primarily on T-76 military aircraft engines.

4.      The T-76 military aircraft engine was designed for the OV-10 Bronco Aircraft. The OV-10 Bronco Aircraft is a Light Armed Reconnaissance Aircraft (LARA) specifically suited for counter-insurgency missions.

## ARMS EXPORT CONTROL ACT

### Defense Articles

5.      In furtherance of world peace and the security and foreign policy of the United States, the Arms Export Control Act ("AECA") (Title 22, United States Code, Section 2778) authorized the President of the United States to control the export of "defense articles" by designating items, such as military aircraft and military aircraft components, on the United States Munitions List.

6.      The Arms Export Control Act and its attendant regulations, the International Traffic in Arms Regulations ("ITAR") (Title 22, Code of Federal Regulations, Sections 120-130), require a person to apply for and obtain an export license from the Directorate of Defense Trade Controls ("DDTC") of the United States Department of State before exporting arms, ammunition, or articles of war, which are all classified as defense articles, from the United States.  (Title 22, United States Code, Sections 2778(b)(2) and 2794(3), 22 C.F.R. Section 120.1).

7.      In an application for an export license, the exporter is required to state, among other things, the nature of the armaments to be exported, the end recipient of the armaments, and the purpose for which the armaments are intended.  These factors and others assist DDTC in determining whether the export of the armaments would further the security and foreign policy interests of the United States or would otherwise affect world peace.

8.      The defense articles which are subject to such licensing requirements are

1   designated on the United States Munitions List ("USML"). Those designations are made by the

2   State Department with concurrence of the United States Department of Defense. (Title 22,

3   United States Code, Section 2778(a)(1), and 22 C.F.R. Section 120.2).

4       9.      It is the policy of the United States to deny licenses with respect to the export of

5   defense articles whenever an export would not be in furtherance of world peace and the security

6   and foreign policy of the United States (22 C.F.R. § 126.1).

7       10.     Category VIII(b) of the USML includes miliary aircraft engines (22 C.F.R.

8   §121.1). At all time relevant to this Indictment, the T-76 military aircraft engine for the OV-10

9   Bronco aircraft is   a "defense article" on Category VIII(b) of the Munitions List.

10      11.     The United States Congress has enacted federal law which directs that no defense

11  article or defense service may be sold or licensed for export to a foreign country which is not

12  cooperating fully with United States antiterrorism efforts. Since August 17, 2006, the President

13  has determined repeatedly that Venezuela is not cooperating fully with our nation's antiterrorism

14  efforts. Accordingly, pursuant to federal law, no person may sell or obtain a license to export

15  defense articles and services to Venezuela. Title 22, United States Code, Section 2781; 22

16  C.F.R.126.1.

17      12.     At no time did defendants, GUISEPPE LUCIANO MENEGAZZO

18  CARRASQUEL, OSCAR RAFAEL COLMENAREZ VILLALOBOS, and ROY WAYNE

19  ROBY, nor any other person, obtain a license to export the T-76 military aircraft engine for the

20  OV-10 Bronco aircraft or any other defense article to Venezuela.

21                                  **CONSPIRACY**

22      13.     Beginning on and before November 2005 and continuing up to and including

23  February 5, 2008, within the District of Arizona, and elsewhere, defendants, GUISEPPE

24  LUCIANO MENEGAZZO CARRASQUEL, OSCAR RAFAEL COLMENAREZ

25  VILLALOBOS, ROY WAYNE ROBY, and others known and unknown to the grand jury, did

26  knowingly and willfully combine, conspire, confederate, and agree with each other, to commit

27  offenses against the United States, to wit:

28

3

a.     to willfully export and cause to be exported from the United States to a place outside thereof, that is Venezuela, defense articles designated on the United States Munitions List without first having obtained from the Department of State a license or written authorization for such export, in violation of Title 22, United States Code, Sections 2778(b)(2) and (c), and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, and 127.1;

## OBJECTS OF THE CONSPIRACY

14.    The objects of the conspiracy were:

a..    to illegally enrich the co-conspirators by unlawfully exporting T-76 military aircraft engines for the OV-10 Bronco aircraft from the United States to Venezuela;

b.    to evade the prohibitions and licensing requirements of the AECA and the ITAR,

c.    to conceal the prohibited activities and transactions from detection by the United States government so as to avoid penalties and disruption of the illegal activity;

d.    to cause T-76 military aircraft engines for the OV-10 Bronco aircraft to be exported from the United States to individuals and entities in Venezuela; and,

e.    to cause materially false, misleading, and incomplete information to be placed on shipping documents.

## METHOD AND MEANS OF THE CONSPIRACY

15.    The method and means by which the defendant and others known and unknown to the grand jury sought to accomplish the objects of the conspiracy included, among others, the following:

a.    Defendants, GUISEPPE LUCIANO MENEGAZZO CARRASQUEL, OSCAR RAFAEL COLMENAREZ VILLALOBOS, ROY WAYNE ROBY, and others known

and unknown to the grand jury, used email accounts and other forms of communication to communicate with each other and with other individuals located in the United States and Venezuela.

b.     Defendants, GUISEPPE LUCIANO MENEGAZZO CARRASQUEL, OSCAR RAFAEL COLMENAREZ VILLALOBOS, ROY WAYNE ROBY, and others known and unknown to the grand jury, traveled within the United States and internationally to communicate with each other and to facilitate the export of T-76 military aircraft engines for the OV-10 Bronco aircraft from the United States and Venezuela.

c.     Floyd D. Stilwell caused the property of Marsh Aviation to be used to facilitate the export of T-76 military aircraft engines for the OV-10 Bronco aircraft from the United States to Venezuela.

d.     Defendants, GUISEPPE LUCIANO MENEGAZZO CARRASQUEL, OSCAR RAFAEL COLMENAREZ VILLALOBOS, ROY WAYNE ROBY, and others known and unknown to the grand jury, caused T-76 military aircraft engines for the OV-10 Bronco aircraft to be disassembled in order to conceal the export of the engines from the United States to Venezuela.

e.     Defendants, GUISEPPE LUCIANO MENEGAZZO CARRASQUEL, OSCAR RAFAEL COLMENAREZ VILLALOBOS, ROY WAYNE ROBY, and others known and unknown to the grand jury, caused materially false, misleading, and incomplete information to be placed on shipping documents and export control documents, to conceal the export of T-76 military aircraft engines for the OV-10 Bronco aircraft from the United States to Venezuela.

f.     Defendants, GUISEPPE LUCIANO MENEGAZZO CARRASQUEL, OSCAR RAFAEL COLMENAREZ VILLALOBOS, ROY WAYNE ROBY, and others known and unknown to the grand jury, caused T-76 military aircraft engines for the OV-10 Bronco aircraft to be exported from the United States to individuals and entities in Venezuela.

## OVERT ACTS

16.  In furtherance of the conspiracy and to effect the objects thereof, the following overt

1  acts, among others, were committed within the District of Arizona, and elsewhere:

2          a.      Floyd D. Stilwell agreed to change the original contract, with the

3  Venezuelan Air Force, to overhaul and upgrade  T-76 military aircraft engines for the OV-10

4  Bronco aircraft, to reflect that the engines were civilian TPE 331 aircraft engines.

5          b.      On or about March 5, 2007, ROY WAYNE ROBY sent an e-mail to Floyd

6  D. Stilwell, and offered to represent Floyd D. Stilwell and his company, Marsh Aviation

7  Company, with the Venezuelan Air Force regarding the T-76 military aircraft engines for the

8  OV-10 Bronco aircraft.   Within the e-mail communication,  ROY  WAYNE  ROBY

9  acknowledged  the military embargo with Venezuela and stated there were ways to avoid the

10 embargo.

11         c.      On or about March 8, 2007, Floyd D. Stilwell received 1.8 million dollars

12 into his personal bank account in furtherance of T-76 contract.

13         d.      On or about May 11, 2007, Floyd D. Stilwell drafted and sent a letter to the

14 ROY WAYNE ROBY appointing ROBY as his exclusive agent for Venezuela for all civil and

15 military programs.

16         e.      On or about May 2007, ROY WAYNE ROBY sent Floyd D. Stilwell

17 correspondence discussing the completion of the contract for the overhaul and upgrade  T-76

18 military aircraft engines for the Venezuelan Air Force including the shipment of six aircraft

19 engines to Venezuela where they would be reassembled.

20         f.      On or between October 2007 and November 2007, GUISEPPE LUCIANO

21 MENEGAZZO CARRASQUEL and OSCAR RAFAEL COLMENAREZ VILLALOBOS

22 disassembled four T-76 military aircraft engines for the OV-10 Bronco aircraft.

23         g.      On or about October 2007, Floyd D. Stilwell allowed Marsh Aviation

24 Company's packaging materials to be used to package four T-76 military aircraft engines for the

25 OV-10 Bronco aircraft for export to Venezuela.

26         h.      On or about October 2007, Floyd D. Stilwell recruited an employee of

27 Marsh Aviation Company  to travel to Venezuela to reassemble T-76 military aircraft engines

28
                                          6

for the OV-10 Bronco aircraft.

        i.     On and between October 2007 and November 2007, GUISEPPE LUCIANO MENEGAZZO CARRASQUEL and OSCAR RAFAEL COLMENAREZ VILLALOBOS caused four T-76 military aircraft engines for the OV-10 Bronco aircraft to be shipped to Miami, Florida for export to Venezuela.

        j.     During and after November 2007, GUISEPPE LUCIANO MENEGAZZO CARRASQUEL, OSCAR RAFAEL COLMENAREZ VILLALOBOS, ROY WAYNE ROBY, and others known and unknown to the grand jury caused four T-76 military aircraft engines for the OV-10 Bronco aircraft to be exported to Venezuela.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

1.    Paragraphs 1 through 16 of Count 1 are re-alleged, and incorporated herein, by reference.

2.    Between on or about August 2006 and continuing to on or about and continuing up to and including February 5, 2008, within the District of Arizona and elsewhere, GUISEPPE LUCIANO MENEGAZZO CARRASQUEL, OSCAR RAFAEL COLMENAREZ VILLALOBOS, ROY WAYNE ROBY, and others known and unknown to the grand jury, did knowingly and willfully export from the United States to the country of Venezuela four T-76 military aircraft engines for the OV-10 Bronco aircraft, which items were designated as defense articles in Category VIII(b) of the United States Munitions List, without having first obtained from the United States Department of State, Directorate of Defense Trade Controls, a license for such export or written authorization for such export.

All in violation of Title 22, United States Code, Section 2778(b)(2) and (c), Title 22, Code of Federal Regulations, Sections 121.1, 123.1, 127.1, and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

1.    The allegations contained in Counts 1 and 2 of this Indictment are hereby re-

1    alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title

2    18, United States Code, Section 982(a)(1).

3        2.     Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of

4    an offense in violation of Title 18, United States Code, Section 371 and Title 22, United States

5    Code, Section 2778(b)(2), as alleged in Count One and Two of the Indictment, defendants,

6    GUISEPPE LUCIANO MENEGAZZO CARRASQUEL, OSCAR RAFAEL COLMENAREZ

7    VILLALOBOS, and ROY WAYNE ROBY shall forfeit to the United States of America any

8    property, real or personal, involved in such offense, and any property traceable to such property.

9    The property to be forfeited includes, but is not limited to, the following:

10          a.     1.8 Million Dollars;

11          b.     Two T-76 military aircraft engines for the OV-10 Bronco aircraft;. and

12          c.     Aircraft parts for twelve T-76 military vaircraft engines for the OV-10

13              Bronco aircraft.

14       3.     If any of the property described above, as a result of any act or omission

15          of the defendants:

16          a.     cannot be located upon the exercise of due diligence;

17          b.     has been transferred or sold to, or deposited with, a third party;

18          c.     has been placed beyond the jurisdiction of the court;

19          d.     has been substantially diminished in value; or

20          e.     has been commingled with other property which cannot be divided

21              without difficulty,

22   the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

23   //

24   //

25   //

26   //

27   //

28                                    8

21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(a)(1) and Title 28, United States Code, Section 2461(c).

All Pursuant to 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c).

A TRUE BILL

/s/

FOREPERSON OF THE GRAND JURY
Date: October 12, 2010

DENNIS K. BURKE
United States Attorney
District of Arizona

/s/

DAVID A. PIMSNER
Assistant U.S. Attorney